Act, reversed upon the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. In our opinion the complaint states a cause of action in fraud for the damages suffered by plaintiff by reason thereof. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

MAMARONECK MOTIVE DISTRIBUTORS, INC., Plaintiff, v. ROBERT L. PICCOLI, Respondent, Impleaded with MOLLIE WALLER and Others, Appellants.— Orders denying motions to dismiss counterclaim against appellants asserted in answer affirmed, with ten dollars costs and disbursements. Appellants to serve reply within ten days from service of a copy of the order herein. No opinion. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

SARAH McEWAN, Respondent, v. THOMAS ROULSTON, INC., Defendant, and PETER B. RENNING, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Scudder and Tompkins, JJ.

VICTOR MEYER, Appellant, v. HARVEY FISK & SONS, INC. (Old Corporation in Liquidation), and HARFIS CORPORATION, Respondents.— Judgment reversed upon the law and the facts and a new trial granted, costs to abide the event. We are of opinion that the verdict of the jury upon the questions submitted for their decision was against the weight of the evidence. Lazansky, P. J., Young, Hagarty, Scudder and Tompkins, JJ., concur.

MODERN INVESTMENT AND LOAN CORPORATION, Respondent, v. WALKER M. LEVETT and Others, Defendants, Impleaded with CHARLES T. LEONARD and Others, Appellants.— Judgment as to defendants Leonard and Benson unanimously affirmed, with costs. Judgment as to defendant Price reversed upon the law and the facts, with costs, and complaint dismissed, with costs. In our opinion the undisputed testimony in the case shows that plaintiff's assignor made material false representations to induce appellant Price to indorse the promissory note in suit; that such representations were known by plaintiff's assignor, when made, to be false; that they were made to induce said appellant to indorse the note; that by reason thereof and relying thereon, said appellant indorsed the note, and that such false representations and the breach thereof by plaintiff's assignor relieved said appellant from his obligation under the note. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Lazansky, P. J., Carswell, Scudder and Tompkins, JJ., concur; Kapper, J., concurs in affirmance as to defendants Leonard and Benson and dissents from reversal as to defendant Price and votes to affirm as to Price also. Settle order on notice.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES CAMPBELL, Appellant.— Judgment of conviction of the County Court of Kings county reversed upon the law and the facts and a new trial ordered. The admission of evidence as to defendant's identification as being engaged in other robberies than the one for which he was indicted was clearly erroneous, and defendant's counsel was not wholly responsible for the introduction of such proof. Such evidence was extremely prejudicial to the defendant and necessitates a new trial in the interests of justice. Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS DAVIDSON LEWIS, Appellant.— Judgment of conviction by a city magistrate, sitting as a